**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

AARON RUBENSTEIN,

                    Plaintiff,

        v.

RICHARD N. AZAR, II,
RAD2 MANAGEMENT, LLC,
RAD2 MINERALS, LTD., and
SEGUNDO RESOURCES, LLC,

                 Defendants,

                    and

CAMBER ENERGY, INC.
(f/k/a LUCAS ENERGY, INC.)

            Nominal Defendant.

No. _____ 5:17-cv-962 _____

**COMPLAINT**
**FOR RECOVERY OF**
**SHORT-SWING PROFITS**
**UNDER 15 U.S.C. § 78p(b)**

**JURY TRIAL DEMANDED**

Plaintiff Aaron Rubenstein ("Plaintiff"), by his undersigned attorneys, as and for his complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

**NATURE OF ACTION**

1.     This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.     Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

3.      Defendant Richard N. Azar II ("Azar") is an insider of Nominal Defendant Camber Energy, Inc. ("Camber," or the "Company.") Defendants RAD2 Management LLC, RAD2 Minerals, LLC, (collectively, the "RAD2 Defendants"), and Segundo Resources LLC ("Segundo") are entities affiliated with and controlled by Azar, and are members of Azar's beneficial ownership "group," within the meaning of Section 13(d) of the Act and applicable SEC Rules. Azar and/or the RAD2 and Segundo Defendant affiliates profited from purchases and sales of Camber stock that occurred within a period of less than six months. As a result, Defendants must return the profits realized from these transactions to Camber.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5.      Venue is proper in this District Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. All Defendants reside, maintain business headquarters, or can otherwise be found within this District.

## THE PARTIES

6.      Plaintiff Aaron Rubenstein is a Rhode Island resident and a shareholder of Camber.

7.      Nominal Defendant Camber is a Nevada corporation with principal offices at 450 Gears Road Suite 860, Houston, Texas 77067. Camber was known as Lucas Energy, Inc. until January 2017. This action is brought in the right and for the benefit of Camber, which is named as Nominal Defendant solely in order to have all necessary parties before the Court.

8.      Defendant Azar is the Chairman and a director of Camber, and is currently serving as the Company's interim Chief Executive Officer. Azar is the managing member of Defendant Segundo and of Defendant RAD2 Management, which is the general partner of Defendant RAD2

Minerals. Azar owns and controls each of the Segundo and RAD2 Defendants, and has the authority to direct the purchase, sale, or voting of Camber securities owned or held by any of the Defendants. Upon information and belief, Azar is a U.S. citizen and a resident of San Antonio, Texas, and the affiliated RAD2 and Segundo entities are organized under the laws of Texas. The address of record for all Defendants is: P.O. Box 6172, San Antonio, Texas 78209

## STATUTORY REQUISITES

9.      At all relevant times, the common stock of Camber was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*. The common stock of Camber (formerly Lucas Energy) trades on the New York Stock Exchange under the ticker symbol "CEI" (formerly traded under the ticker symbol "LEI").

10.      At all relevant times, Defendant Azar was a member of the Camber Board of Directors. At all relevant times, Azar, individually and directly and/or indirectly by, through and together with the affiliated RAD2 and Segundo Defendants, owned more than 10% of the common stock of Camber. Azar and the RAD2 and Segundo Defendants were individually and collectively subject to Section 16 as members of Azar's 10% beneficial ownership "group."

11.      This action is brought within two years of the occurrence of the violations described herein, or within two years of the time when ownership and trading reports were required to be filed by the Defendants pursuant to Section 16(a) of the Act.

## FACTUAL BACKGROUND

12.      On or about November 4, 2016 Azar, individually and/or by and through the affiliated RAD2 and Segundo Defendants, sold 294,000 shares of the Company's Series B Preferred Stock in exchange and in consideration for the elimination of an outstanding debt in the amount of $8,800,000 owed by Azar to an unaffiliated third party.

13.     Azar's disposition and transfer of the Series B Preferred Stock to the third-party lender in satisfaction of the outstanding debt owed by Azar to the lender, as described in Paragraph 12 above, constituted a Section 16(b) "sale" by Azar and one or more of the RAD2 and Segundo Defendants, at an effective sale price of $29.93 per share of Series B Preferred Stock. ($8,800,000 of extinguished debt ÷ 294,000 Series B shares transferred = $29.93/share.)

14.     On or about January 5, 2017, Azar, individually and/or by and through the affiliated RAD2 and Segundo Defendants, agreed with the third-party lender that Azar (and/or his affiliates) would accept the lender's return of 106,508 of the 294,000 Series B shares previously transferred and sold to the lender in satisfaction of the debt owed by Azar, as described in Paragraphs 12-13 above. Azar further agreed to transfer to the lender a total of 760,997 shares of Camber common stock in exchange and substitution for the 106,508 Series B shares returned by the lender and transferred to and received by Defendants.

15.     The lender's return of 106,508 Series B shares to Azar and/or his affiliated Defendants, as described in Paragraph 14 above, constituted a Section 16(b) "purchase" of the 106,508 Series B shares by Azar and/or one or more of his RAD2 and Segundo Defendant affiliates.

16.     The effective purchase price paid by Defendants for the 106,508 Series B shares returned and re-acquired by them in the transaction described in Paragraphs 14-15 above, is equal to the contemporaneous market value of the 760,997 shares of Camber common stock transferred by Defendants to the lender in exchange for the shares of Series B stock that Defendants received from the lender. On January 5, 2017, trading in Camber common stock closed at a market price of $1.22 per share. Accordingly, Defendants' aggregate effective purchase price for the returned shares of Series B stock was $928,416, representing the contemporaneous total value of the

760,997 shares of Camber common stock transferred by Defendants to the lender in exchange for the returned Series B shares—for a per-share purchase price of $8.72 for each of the 106,508 shares of Series B stock returned to and re-acquired by the Defendants from the lender.

17.     The purchase described in Paragraphs 14-16 above may be matched with the sale described in Paragraphs 12-13, resulting in a total of $2,259,035 in short swing profits realized by Azar and/or the affiliated RAD2 and Segundo Defendants, which are recoverable by Camber under Section 16(b). ($29.93 per-share sale price - $8.72 per-share purchase price = $21.21 per-share profit x 106,508 shares of Series B stock sold and purchased, or total profits of $2,259,035)

18.     Demand for prosecution was made on Camber by email sent by Plaintiff's counsel on January 6, 2017 and received by Camber on the same day. By letter dated February 8, 2017, and in subsequent correspondence and conversations with counsel for Camber and for Defendants, Plaintiff was informed that the Company does not intend to pursue this Section 16(b) claim against Defendants, even though Defendants have not disgorged the profits realized by them to the Company, as identified and alleged herein and strictly required by Section 16(b).

## COUNT I

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

19.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 18, above.

20.     Azar and one or more of the RAD2 and Segundo Defendants had a direct or indirect pecuniary interest in all of the shares of Series B Preferred stock sold and purchased in the transactions described in Paragraphs 12-18, above.

21.     The transactions described in Paragraphs 12-18 above resulted in short swing profits of $2,259,035 realized by Defendant Azar and one or more of the RAD2 and Segundo Defendants, which must be disgorged to the Company under Section 16(b).

## COUNT II

22.     COUNT II is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional non-exempt Section 16(b) transactions by any of the Defendants during the course of this action.

23.     For example, Defendants reported their acquisition of 760,997 shares of Camber common stock (the same number of shares that Defendants exchanged and sold to the third-party lender, in exchange for the Series B shares re-acquired and re-purchased by them in the January 5, 2017 Section 16(b) "purchase" transaction described in Paragraphs 14-16 above), on November 4, 2016 (the same date on which Defendants reportedly sold 294,000 shares of Series B stock to the lender in the debt-cancellation Section 16(b) "sale" transaction described in Paragraphs 12-13, above).

24.     Defendants reported their acquisition of the 760,997 shares on November 4, 2016, as described in Paragraph 23 above, as a "gift" to Azar exempt from Section 16(b), but refused to provide Plaintiff with additional requested information regarding the circumstances of this reported "gift" transaction, the identity of the party who reportedly gifted the common stock to Azar, and the relationship between this reported "gift" transaction and either the Series B sale reported by Azar on the same day, or the sale by Defendants of the same number of gifted common shares in connection with their repurchase of a portion of the Series B shares previously sold. As a result, Plaintiff is unable to obtain confirmation that the reported "gift" is in fact a transaction exempt from Section 16(b), as reported.

25.     Given the apparent connection between the reported gift transaction and the purchase and sale transactions identified in this Complaint as giving rise to Section 16(b) liability, Plaintiff intends to seek this information in the course of discovery. To the extent Plaintiff determines that the gift transaction was misreported by Defendants and/or otherwise subject to Section 16(b), Plaintiff intends to amend the Complaint and his calculation of Defendants' liability for short swing profits under Section 16(b) and applicable SEC Rules accordingly.

26.     Defendants, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of the Company within periods of less than six months of each other while a more-than-10% beneficial owners of the Company, including but not limited to the transactions identified and pleaded in this COUNT II and in COUNT I, above.

27.     By reason of such purchases and sales (or sales and purchases) of Company equity securities (or equity security equivalents), within periods of less than six months, while insiders of the Company, Defendants realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit and are recoverable by Plaintiff on behalf of the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a)     requiring each of Azar and the RAD2 and Segundo Defendants to account for and pay to the Company the short swing profits recoverable from them under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b)     awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c)     granting such other and further relief as the Court deems just and proper.

Dated: September 28, 2017

Respectfully,

s/ Miriam Tauber

_____

**Miriam Tauber**, *attorney-in-charge*
NY Bar/Registration No.: 4462537
S.D. Tex. Federal ID No. 3099353
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A, New York, NY 10075
Tel: (323) 790-4881; Fax: (212) 396-9074
Email:  MiriamTauberLaw@gmail.com

David Lopez, *of counsel*
(*pending admission pro hac vice*)
LAW OFFICES OF DAVID LOPEZ
PO Box 323, 171 Edge of Woods Rd.
Southampton, NY 11968
Tel: (631) 287-5520; Fax: (631) 283-4735
Email: DavidLopezEsq@aol.com

*Attorneys for Plaintiff Aaron Rubenstein*