## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **AARON RUBENSTEIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 5-17-CV-962-FB** |
| | ) |
| **RICHARD N. AZAR, II, RAD2** | ) |
| **MANAGEMENT, LLC, RAD2 MINERALS,** | ) **Jury Trial Demanded** |
| **LTD., and SEGUNDO RESOURCES, LLC,** | ) |
| | ) |
| **Defendants,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CAMBER ENERGY, INC.** | ) |
| **(f/k/a LUCAS ENERGY, INC.)** | ) |
| | ) |
| **Nominal Defendant.** | ) |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE:

Defendants Richard N. Azar, II ("Azar"), RAD2 Management, LLC ("RAD2 Management"), RAD2 Minerals, Ltd. ("RAD2 Minerals"), and Segundo Resources, LLC ("Segundo") (collectively, "Defendants") file their Original Answer to Plaintiff's Original Complaint. In support thereof, Defendants would respectfully show the following:

### "NATURE OF ACTION"

1.      Paragraph 1 is not one which requires a response. Defendants admit that Plaintiff attempts to plead a claim under 15 U.S.C. §1578p(b) ("Rule 16b"). Defendants deny that it has been sufficiently pled.

2.      Paragraph 2 is not one which requires a response as it calls for a legal conclusion as to the elements and import of Rule 16b.   Defendants otherwise deny the allegations of Paragraph 2.

3.      Paragraph 3 does not require a response to the extent it calls for the legal conclusion that RAD2 Management, RAD2 Minerals, and Segundo are affiliates and members of Azar's "beneficial ownership group" pursuant to Section 13(d) of the Securities Exchange Act of 1934.  Defendants otherwise deny the allegations of Paragraph 3.

**"JURISDICTION AND VENUE"**

4.      Defendants admit that exclusive jurisdiction for Rule 16b claims rests in the United States District Courts.

5.      Defendants admit venue is proper in this Court.

**"THE PARTIES"**

6.      Defendants lack information sufficient to admit or deny the allegations in Paragraph 6 and, therefore, deny same.

7.      Defendants admit that Nominal Defendant Camber Energy, Inc. ("Camber") is a Nevada corporation with principal offices in San Antonio, Texas.  Camber previously conducted business under the name Lucas Energy, Inc.   Defendants lack information sufficient to admit or deny Plaintiff's intentions for suing Camber in this lawsuit, and, therefore, deny same. Defendants deny the remaining allegations of Paragraph 7.

8.      Defendants admit that Azar is a U.S. citizen, a citizen of Texas, and resident of San Antonio, Texas. Defendants further admit that Azar is currently a director and interim CEO of Camber. Defendants also admit that Azar is the manager of Segundo and RAD2 Management. Defendants admit that RAD2 Management is the general partner of RAD2 Minerals.  Defendants

admit that Azar owns Segundo and RAD2 Management, and manages the day-to-day operations of same. Defendants deny the remaining allegations of Paragraph 8.

## "STATUTORY REQUISITES"

9.      Defendants do not have sufficient information to admit or deny Plaintiff's intended meaning of "all relevant times" and, therefore, deny same. Defendants deny the remaining allegations of Paragraph 9.

10.      Defendants do not have sufficient information to admit or deny Plaintiff's intended meaning of "all relevant times" and, therefore, deny same. Defendants deny the remaining allegations of Paragraph 10.

11.      Paragraph 11 is not one which requires a response in that it calls for a legal conclusion regarding the applicable statute of limitations in Rule 16b lawsuits. Defendants deny the legal conclusions made by Plaintiff. Further, Defendants lack information sufficient to admit or deny Plaintiff's intended meaning of "the violations described herein" and, therefore, deny the remainder of Paragraph 11.

## "FACTUAL BACKGROUND"

12.      Defendants admit that Segundo transferred 294,000 shares of Series B Preferred Stock in Camber on November 2, 2016. Defendants deny the remaining allegations of Paragraph 12.

13.      Paragraph 13 is not one which requires a response in that it calls for a legal conclusion regarding the meaning of the term "sale". Defendants otherwise deny the allegations of Paragraph 13.

14.     Defendants admit that Azar substituted 106,508 shares of Camber Energy, Inc.'s ("Camber") Preferred Series B stock for 760,997 shares of Camber's common stock. Defendants deny the remaining allegations of Paragraph 14.

15.     Paragraph 15 is not one which requires a response in that it calls for a legal conclusion regarding the meaning of the term "purchase". Defendants otherwise deny the allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16.

17.     Paragraph 17 is not one which requires a response in that it calls for a legal conclusion regarding the meaning of the term "matching". Defendants otherwise deny the allegations of Paragraph 17.

18.     Paragraph 18 is not one which requires a response in that it calls for a legal conclusion regarding the meaning of "strictly required by Section 16(b)" and, therefore, deny same. Defendants admit that they asserted to Plaintiff, and continue to assert to Plaintiff, that Defendants are not liable to Camber or Plaintiff for "short-swing profits".

## "COUNT I"

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)"

19.     Paragraph 19 is not one which requires a response. Defendants therefore deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

## "COUNT II"

22.     Defendants deny the allegations of Paragraph 22.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants deny the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants' deny the allegations of Paragraph 27.

Plaintiff has failed to state a claim for relief for which relief can be granted in "COUNT II" of his

Complaint.  Count II is not a cause of action recognized by law.

### "ADDITIONAL DEFENSES"

### First Affirmative Defense: Failure to State a Claim

28.     Plaintiff has failed to state a claim for which the law permits relief.  No relief can

be granted to "COUNT II" allegations of Plaintiff's Complaint. Count II does not contain a cause

of action recognized by the law.

### Second Affirmative Defense: No Personal Gain, Benefit or Profit

29.     Plaintiff's claims are barred, in whole or in part, because there was no personal

gain, benefit, or profit to any of the Defendants from any of the alleged transactions.

### Third Affirmative Defense: No Harm

30.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer

any harm as a result of the actions of Defendants, or any of them.

### Fourth Affirmative Defense: No Injury, No Standing

31.     Plaintiff's claims are barred because Plaintiff has suffered no injury under the

facts alleged and therefore lacks standing.

32.     Defendants reserve the right to raise additional defenses and to amend their Answers provided herein in accordance with the Federal Rules of Civil Procedure.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Richard N. Azar, II, RAD2 Management, LLC, RAD2 Minerals, Ltd., and Segundo Resources, LLC ("Segundo") (collectively, Defendants") pray that Plaintiff take nothing by its pleading(s) and that upon trial, the Court enter a judgment in Defendants' favor against Plaintiff for all relief to which Defendants may be entitled, including attorney's fees and costs, in law or equity.

Respectfully submitted,

William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway-Suite 400
Dallas, Texas 75254
Telephone: (214) 445-4055
Facsimile: (214) 723-5346
Email: lsessions@sessionslaw.net

**ATTORNEYS FOR DEFENDANTS
RICHARD N. AZAR, II, RAD2 MANAGEMENT,
LLC, RAD2 MINERALS, LTD., AND
SECUNDO RESOURCES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

miriamtauberlaw@gmail.com
Miriam Tauber
Miriam Tauber Law, PLLC
885 Park Avenue-Suite 2A
New York, New York 10075

davidlopezesq@aol.com
David Lopez
Law Offices of David Lopez
P.O. Box 323
171 Edge of Woods Road
Southampton, New York 11968

_11/28/17_
Date

_William L. Sessions_
William L. Sessions