IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AARON RUBENSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD N. AZAR, II; RAD2 MANAGEMENT, LLC; RAD2 MINERALS, LTD.; SEGUNDO RESOURCES, LLC;<br><br>    Defendants,<br><br>and<br><br>CAMBER ENERGY, INC.<br>(f/k/a Lucas Energy, Inc.),<br><br>    Nominal Defendant. | CIVIL ACTION NO.<br>SA-17-CA-962-FB |

### JOINT REPORT OF RULE 26(f) CONFERENCE

Pursuant to Rule 26(f), the parties conducted a conference by telephone on February 9, 2018.

**PARTIES & PARTICIPANTS**

- *Attorneys for Plaintiff*: Miriam Tauber, David Lopez
- *Attorney for Defendants*: William L. Sessions
- *Attorney for Nominal Defendant*: Tim J. Henderson

**DISCUSSION**

    **A.  Overview of Parties' Claims and Defenses.**

Plaintiff's claim is for disgorgement of "short swing" profits allegedly realized from Defendants' securities transactions (purchases and sales within periods of less than six months), as an insider of Nominal Defendant Camber Energy, Inc. (the "Company"). Section 16(b) is a strict liability statute. Plaintiff's counsel generally described the scope of the discovery anticipated as consisting of: (i) the agreements and associated documents memorializing the terms of the

purchase and sale transactions identified in the Complaint; and (ii) depositions of the transaction parties, specifically Defendant Azar, and Kenneth L. Lacey, a non-party whose contact information Plaintiff requested from Defendants.

Defendants deny Plaintiff's claims and assert defenses on the basis that there was no sale of the Company's stock producing a profit to Defendants for a "short swing" transaction to an insider under Section 16(b) of the 1934 Securities Exchange Act.

### B. Status of Rule 26(a) Disclosures.

The parties exchanged initial disclosures on January 25, 2018.

With his initial disclosures, Plaintiff produced the categories of relevant documents identified as within Plaintiff's possession, which are: (i) brokerage account records reflecting Plaintiff's ownership of Camber common stock; and (ii) SEC filings submitted by the Defendants disclosing information relevant to the transactions or to Plaintiff's Section 16(b) claim.

With their initial disclosures, Defendants and Nominal Defendant produced to Plaintiff documents, generally consisting of: (i) lending documents related to the alleged purchase and sale transactions; (ii) share transfer records associated with the transactions; and (iii) transfer records and correspondence.

### C. Scope of Anticipated Discovery.

Plaintiff anticipates a need for the following additional discovery: (i) production of the full set of final agreements governing both of the alleged Section 16(b) transactions—the November 2016 sale, and January 2017 purchase of Series B Preferred; (ii) contact information for Kenneth L. Lacey (Defendants' counterparty in both transactions); and (iii) depositions of Mr. Azar and Mr. Lacey.

Defendants anticipate a need for the following additional discovery on the subject of the underlying transactions between Defendants and Bleu Willow, LLC, an entity affiliated with non-party Kenneth L. Lacey, including: (i) production of correspondence and other documents from third parties Bleu Willow, LLC and ClearTrust, LLC (as share transfer agent); (ii) production of additional documents from Plaintiff; (iii) production of additional documents from Nominal Defendant Camber; and (iii) deposition of the Plaintiff, and possibly another witness.

**D. Expert Discovery.**

Plaintiff presently does not intend to designate an expert, but may designate a rebuttal expert should Defendants declare an expert. Defendants intend to designate an expert on defensive matters and reserve the right to designate a rebuttal expert should Plaintiff choose to designate an expert for Plaintiff's claims.

**E. Potential for Settlement.**

The parties are required to exchange written settlement proposals by March 6, 2018 under the Scheduling Recommendations submitted by the parties and approved by the Court (Dkt. Nos. 16, 17). The parties determined to explore possibilities for settlement after proposals are exchanged and to revisit their settlement discussions as discovery progresses.

**F. Pre-Trial Agreements Regarding Discovery Scheduling, Limitations, Procedures.**

The Parties have reached the following agreements regarding discovery matters

1. The parties presently anticipate no issues regarding protection of discovery and privilege claims. In the event the parties have issues regarding protection of discovery, the parties are aware of this Court's standard protective order, found in Appendix H of the Local Rules.

2. Discovery disputes will be resolved with a phone call between counsel if possible. Each side will send copies of e-mails between

       counsel to the email group distribution list provided by the other side. Papers will be served by email on all counsel of record.

3. To the extent a protective order is requested by any party, the parties will adopt the Confidentiality and Protective Order recommended at App. H to the Local Rules.

4. Documents will be produced on a rolling basis. Duplicate documents need not be produced (e.g., if located in the files of multiple custodians, or in the files of both the Defendants and Nominal Defendant).

5. Depositions will be taken by agreement, limited to three (3) depositions per party, with a limit of 4 hours of testimony for each deponent. At depositions, all objections to relevance, lack of foundation, non-responsiveness, speculation, or to the form of the question will be reserved until trial.

6. The parties will share the same court reporter and videographer if possible.

7. Deposition exhibits will be numbered sequentially. Each document will be numbered as an exhibit only once, even if multiple copies of the document are produced. Exhibit numbering will continue through all depositions, motions and trial, with the same numbering, e.g., Ex. 1, Ex. 2, etc., used regardless of the identity of the deponent or the side introducing the exhibit. The parties will share the expense of imaging deposition exhibits.

8. The parties anticipate ESI will be produced in searchable Adobe portable document format (PDF) unless specific individual items of ESI are requested in native format. The parties will Bates label all documents produced in PDF format. The parties will preserve all ESI during the pendency of this action in the event that it is requested in native format. Any party may print out emails produced by any other party (and any attachments) and mark it as an exhibit at a deposition or at trial.

9. Neither side will be entitled to discovery of another party's: (a) communications with that party's counsel; (b) attorney's work product; (c) communications between a party's counsel and that party's testifying expert; or (d) drafts of expert reports.

10. Production does not waive the privilege. Any party can rescind the production of a privileged document and restore protections for this litigation and any other federal or state proceeding, as provided

under F.R.E. 502, whether or not the disclosure was "inadvertent" and without need of showing the production was inadvertent.

11. No changes were anticipated to the Court's Scheduling Order approving the Scheduling Recommendations (Dkt. Nos. 16, 17), and no changes needed to the discovery limitations provided by the F.R.C.P. or Local Rules.

Dated:     March 3, 2018

*s/ Miriam Tauber*
_____
Miriam Tauber (W.D Tex. Bar ID: 4462537)
Miriam Tauber Law PLLC
885 Park Ave. 2A, New York, NY 10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq. (admitted *pro hac vice*)
171 Edge of Woods Road, PO Box 323
Southampton, NY 11968
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com
*Attorneys for Plaintiff Aaron Rubenstein*

William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Telephone: (214) 445-4055
Facsimile: (214) 723-5346
E-mail: lsessions@sessionslaw.net
*Attorney for Defendants Richard N. Azar, II, RAD2 Management, LLC, RAD2 Minerals, Ltd., and Segundo Resources, LLC*

Timothy J. Henderson
Texas Bar No. 09432500
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
Telephone: (713) 667-7878
Facsimile: (713) 668-5697
E-mail: timjhenderson@msn.com
*Attorney for Nominal Defendant Camber Energy, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2018, I filed the foregoing JOINT REPORT OF RULE 26(f) CONFERENCE on the Court's ECF system, which will notify counsel for all parties of the filing by email.

*s/ Miriam Tauber*

Miriam Tauber