**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

AARON RUBENSTEIN,

                Plaintiff,

     v.

RICHARD N. AZAR, II,
RAD2 MANAGEMENT, LLC,
RAD2 MINERALS, LTD., and
SEGUNDO RESOURCES, LLC,

                Defendants,

                and

CAMBER ENERGY, INC.
(f/k/a LUCAS ENERGY, INC.),

                Nominal Defendant.

No. 5:17-cv-00962-FAB

ECF Case

### MOTION TO EXTEND DISCOVERY & DISPOSITIVE MOTION DEADLINES, AND COMPEL DISCOVERY FROM DEFENDANTS' DESIGNATED ACCOUNTANT

Pursuant to F.R.C.P. 37 and Local Rule CV-7(d), Plaintiff files this Motion to extend the discovery deadline currently set for June 15, 2018, and the dispositive motion deadline currently set for July 13, 2018. (*See* Dkt. 17.) Plaintiff proposes that these deadlines be extended for a period of 45 days; or until July 30, 2018, and August 27, 2018, respectively.

Plaintiff requires an extension Plaintiff to obtain discovery from an accountant designated by Defendant Azar with knowledge of the $8.8 million note and Camber Series B Preferred Stock transactions at issue in this case. This discovery has become necessary given Defendant Azar's recent testimony, at his deposition held on June 5, 2017, that the $8.8 million note was not paid or satisfied by the alleged securities transactions, but rather remains outstanding and

owed by Defendants. As this assertion contradicts all of the discovery previously provided to Plaintiff by Defendants and the non-party witnesses subpoenaed in this case (including Todd Engel, the accountant identified on Defendants' Rule 26 disclosures), Plaintiff should be permitted to ascertain whether any evidence of an $8.8 million debt presently owed by Defendants exists in support of Defendant's new version of the facts. The additional discovery Plaintiff requests, and the extended discovery and dispositive motion schedule proposed, will not prejudice the Defendants, and is not expected to delay the mediation of this case currently scheduled for October 24, 2018.

## I.     Overview of Plaintiff's Section 16(b) Claim

Section 16(b) is a strict liability statute, which prohibits statutory "insiders" of public companies—officers, directors, and 10% "beneficial owners"—from realizing "short swing" profits from purchases and sales (or sales and purchases) of company securities within periods of less than six months. 15 U.S.C. § 78p(b). In this case, Plaintiff alleges that Defendants were (i) 10% beneficial owners of Camber, who (ii) transferred or sold shares of Camber Series B Preferred Stock in satisfaction of an $8.8 million debt owed by Defendants to non-party Kenneth L. Lacey (the "unidentified third party" referenced in the Complaint); and then (iii) re-purchased some of the Series B Preferred shares, less than six months later, in exchange for shares of Camber common stock transferred by Defendants as payment for the returned and re-purchased Series B Preferred shares. (Compl. ¶¶ 12-16, Dkt. 1 pp.4-5.)

## II.     Plaintiff's Motion to Compel and Extend Discovery

### A.     Defendant Azar's deposition testimony that the $8.8 million debt remains outstanding conflicts with Defendants' prior disclosures and documents, and warrants further discovery from Defendants' designated accountant.

Defendants' Amended Answer, filed on April 2, 2018 with discovery in progress, added the following substantive contentions in response to Plaintiff's allegations in Paragraphs 13-

14 of the Complaint, concerning Defendants' transfers of Series B Preferred Stock in connection with the $8.8 million Lacey note:

> "13. … Defendants further deny that the delivery of the stock was in exchange and in consideration for the elimination of an outstanding debt in the amount of $8,800,000 owed by Azar. …
>
> 14. Defendants deny that any of the stock was sold to the lender as satisfaction of the extinguishment of any debt owed by Azar."

Defendants' Amended Answer also deleted their original admission "that Azar substituted 106,508 shares of Camber Energy, Inc.'s ("Camber") Preferred Series B stock for 760,997 shares of Camber's common stock," as further alleged in Paragraph 14 of the Complaint. (Dkt. 24.)

Defendants' amended responses contradict the note transaction documents Defendants produced, and none of the non-parties identified by Defendants and subpoenaed by Plaintiff supplemented Defendants' document production in response to Plaintiff's discovery requests. (*See* Non-Party Subpoena Responses, Ex. A.)[1] As a result, Plaintiff's first opportunity to discover the basis for Defendants' Amended response arose at the deposition of Defendant Azar on June 5, 2018.

At his deposition, Defendant Azar asserted for the first time that the Camber Series B Preferred Stock transferred by Defendants in connection with the Lacey note represented "security" or "collateral" for the $8.8 million debt evidenced by the note, which Defendants claimed remained outstanding and owed to Lacey—notwithstanding the note documents Defendants produced (and the only transaction documents produced to Plaintiff in this action), which reflect that 250,000 shares of Series B Preferred Stock were transferred by Defendants as "payment" for the note (as alleged in Plaintiff's Complaint), and that the terms of the underlying note required full payment by March 2017. (*See* Azar Dep. Tr., Ex. B pp. 37-38, 42-43, 47, 49-50, 57-64). Azar further stated that

---

[1] References to "Ex. __" refer to Exhibits to the accompanying Affirmation of Miriam Tauber.

documents and information supporting the continued existence of the debt and the purported collateral or "security" arrangement underlying the Series B stock transfers (if they exist) would be within the files or knowledge of Thomas Lisa (Lacey's agent), and/or Azar's accountant (who would have prepared tax returns for Defendants reflecting the debt and any principal or interest payments). (*See* Azar Dep. Tr., Ex. B pp. 69-72, 82-82, 85-87, 94, 98, 72-76, 101-104.)

Plaintiff's efforts to take Lisa's deposition are detailed in an accompanying Motion to Compel/Extend Discovery, which Plaintiff filed contemporaneously with this Motion in an ancillary ("miscellaneous") proceeding Motion brought in the Eastern District of New York (where Lisa resides and where his deposition was noticed). *See Rubenstein v. Azar* et. al., No. 1:18-mc-01647-MKB (E.D.N.Y., filed June 15, 2018). As also referenced above and discussed with Azar at his deposition, Plaintiff previously issued a document subpoena to Todd Engel, who was identified as Defendants' accountant in their (original and amended) Rule 26 disclosures and in certain emails produced by Defendants referencing the Lacey note, and who responded to Plaintiff's subpoena by stating unequivocally that he did not have any documents relating to the Lacey note transactions or knowledge of the underlying note or transaction terms. (*See* Non-Party Subpoena Responses, Ex. A; *see also* Azar Dep. Tr., Ex. B pp. 72-76 and 101-104.)

When asked about the relevant documents Todd Engel could be expected to have within his files, Azar clarified that Dan Rorie, who was Azar's accountant for many years had retired around the time of the transactions and left Azar's files with Todd Engel, who remained at the Sparkman & Engel accounting firm (formerly known as Rorie, Sparkman & Engel) following Rorie's retirement. (Id.) Dan Rorie was not previously identified to Plaintiff as an individual with relevant information, in either Defendants' original or amended Rule disclosures. (*Compare* Defs.' Initial and Amended R. 26(a) Disclosures, *see* Ex. C.)

Plaintiff respectfully asks the Court to compel Defendant Azar to confer with Todd Engel and Dan Rorie, and designate one of them to provide documents and appear at a deposition to testify about their knowledge concerning, or reflecting any principal or interest payments made, on any purported outstanding debt owed by Defendants (or entities owned and controlled by them) to Thomas Lisa or Kenneth Lacey (or their affiliated entities) under the $8.8 million note. Plaintiff requests that the discovery cutoff set by the Scheduling Order be extended for a period of 45 days for this purpose. (Plaintiff also requests a similar and overlapping extension for the purpose of deposing Lisa, for the reasons described in the ancillary proceeding commenced by Plaintiff in the E.D.N.Y.)

**B.**     **The extended discovery Plaintiff requests will not prejudice Defendants.**

Azar's deposition date of June 5, 2018 was selected by the parties to accommodate their respective schedules and the schedules of their counsel, including Defendants' counsel. Although only 10 days from the discovery cutoff set by the Scheduling Order, Plaintiff expected that any extension required as a result of Azar's substantive deposition testimony would be considered in that same spirit of professional courtesy, particularly given that mediation of this case is now scheduled for October 24, 2018. Under Plaintiff's proposed extended discovery schedule and dispositive motion deadline, this case will be fully developed and briefed by the parties more than two months before any substantive review of the underlying facts.

Although Defendants did not (and are unable to) point to any prejudice that would result from extending the discovery cutoff and dispositive motion deadlines for the purpose of obtaining the outstanding discovery requested by Plaintiff, Defendant's counsel flatly rejected Plaintiff's request, and baselessly accused Plaintiff's counsel of "incompetence" without offering any explanation or inviting further discussion. (*See* email re: extension request, Ex. D.)

Defendants' discourteous response to Plaintiff's reasonable request has required Plaintiff to bring this motion, which Plaintiff respectfully asks the Court to grant, along with an award of Plaintiff's associated attorney's fees and costs.

Dated: June 15, 2018

*s/ Miriam Tauber*

_____

Miriam Tauber (W.D Tex. Bar ID: 4462537)
Miriam Tauber Law PLLC
885 Park Ave. 2A
New York, NY 10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq. (admitted *pro hac vice)*
171 Edge of Woods Road, PO Box 323
Southampton, NY 11968
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Attorneys for Plaintiff Aaron Rubenstein*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on June 7, 2018, I conferred by email with William L. Sessions, counsel for Defendants, regarding the discovery dispute that is the subject of the foregoing **Motion to Extend Discovery & Dispositive Motion Deadlines, and Compel Discovery From Defendants' Designated Accountant.** (A record of that correspondence is attached to the appended Affirmation of Miriam Tauber in Support of the Motion, at Exhibit D.)


*s/ Miriam Tauber*

Miriam Tauber

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018, I filed the foregoing **Motion to Extend Discovery & Dispositive Motion Deadlines, and Compel Discovery From Defendants' Designated Accountant** on the Court's ECF system, which will notify counsel for all parties of the filing by email.


*s/ Miriam Tauber*

Miriam Tauber