# EXHIBIT A

**From:** Miriam Tauber miriamtauberlaw@gmail.com
**Subject:** Re: Discovery Conference with Rubenstein lawyers
**Date:** April 20, 2018 at 8:31 PM
**To:** Todd Engel tengel@sparkmanengel.com
**Cc:** Lewis Sessions lsessions@sessionslaw.net, David Lopez DavidLopezEsq@aol.com, Tim Henderson TimJHenderson@msn.com



Mr Engel,

Apologies for the delay in replying to your email earlier, and congratulations on your daughters wedding! I'll keep my fingers crossed for good weather...

Meanwhile, the information you provided below answers my questions completely, and there is nothing further needed from you on this subpoena.

Thank you very much, and congratulations again.

Kind regards.
MT

On Apr 20, 2018, at 3:32 PM, Todd Engel <tengel@sparkmanengel.com> wrote:

So the reason I have not responded today is because my daughter is getting married tomorrow. Outdoors. And there is a 90% chance of rain.
So I have and still am scrambling to make accommodations.

But in an effort to keep my phone from blowing up any more I can state the following.

A.  The Asset Purchase Agreement to which I refer in my "formal statement" is the "Asset Purchase Agreement By and Between Lucas Energy, Inc., As Purchaser, Segundo Resources, LLC As Seller Representative to the Various Sellers Named Herein, And the Sellers Named Herein Dated December 30, 2015". The "Lucas APA"
B.  While this document is contained, I believe, in an attachment to an 8-K or other filing, I do also have an executed copy stored in the client file on our server, received directly from Knobles, Raetzsch, Moore & Eveld, L.L.P., the law firm that drafted the Lucas APA. If this is a document that needs to be shared, I am more than happy to do so. It was used exclusively to ensure proper tax reporting in relation to the GAAP SEC filing.
C.  To reiterate, I do not have any documents related to any agreement between Mr. Azar and the Tom Ms. Tauber refers to in a previous email. Nor do I have any agreements with Mr. Lacey as it relates to any monies owed to or due from him, nor do I know him or even where he lives. I have never met, talked to or ever corresponded in any way with either Tom or Mr. Lacey. Thus I have never reviewed any Note Documents related to any of the information Ms. Tauber is requesting because I have never been provided any such documentation in any form.

Please advise as to whether this latest email suffices what is required from me with respect to the Subpoena received via email on April 18, 2018 dated 4:35 PM, and no further action is required by me unless otherwise notified.

Many thanks.

Todd A. Engel

Todd A. Engel, Partner

Rorie Sparkman & Engel LLC  |  Sparkman Engel LLC
1250 S. Capital of Texas Highway, Bldg 1, Suite 300, Austin, TX 78746
Main: 512-327-9811  |  Direct: 512-347-7049  |  Fax: 512-327-3411
tengel@sparkmanengel.com  |  www.sparkmanengel.com  |  www.rsetax.com

---

**From:** Lewis Sessions [mailto:lsessions@sessionslaw.net]
**Sent:** Friday, April 20, 2018 1:59 PM
**To:** Miriam Tauber <miriamtauberlaw@gmail.com>
**Cc:** David Lopez <DavidLopezEsq@aol.com>; Todd Engel <tengel@sparkmanengel.com>; Tim Henderson <TimJHenderson@msn.com>
**Subject:** RE: Discovery Conference with Rubenstein lawyers

Miriam,

The stock issued to the Azar Defendants was the result of an Asset Purchase Agreement between Lucas Energy, Inc. and Segundo Resources, LLC and various sellers dated December 30, 2015. That is the "purchase and sale agreement" alluded to by Mr. Engel.

Mr. Engel is quite clear: he believes he does not have documents response to the requests contained in your subpoena.  If you want to depose him about his answers, have at it.  It will opposed by the Defendants as a waste of time and effort.  If you want to pose some other discovery to Mr. Engel, we will review to determine whether it is appropriate and engage with you if we believe it is not.

I am growing weary of the unorthodox use of informal discovery, particularly by e-mail.

Sincerely,

**Lewis Sessions**
Attorney at Law
*Board Certified - Civil Trial Law*
*Texas Board of Legal Specialization*

**SESSIONS & ASSOCIATES, PLLC**
14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Direct Tel: (214) 445-4058
Alt. Direct Tel: (214) 217-8855
General Tel: (214) 445-4055
Direct Fax: (214) 723-5346
Email: lsessions@sessionslaw.net

---

**From:** Miriam Tauber <miriamtauberlaw@gmail.com>
**Sent:** Friday, April 20, 2018 1:50 PM
**To:** Lewis Sessions <lsessions@sessionslaw.net>
**Cc:** David Lopez <DavidLopezEsq@aol.com>; Todd Engel <tengel@sparkmanengel.com>; Tim Henderson <TimJHenderson@msn.com>
**Subject:** Re: Discovery Conference with Rubenstein lawyers

Lewis,

I am still confused by this response.

Will you kindly tell me the date of the "purchase and sale agreement" referenced? It was not and still is not clear to me what this agreement is, and whether it relates to a separate transaction. In any event, I am not interested in "contesting" the transaction (and certainly not in the context of this subpoena)—but only in ascertaining the relevant facts and understanding what documents exist that are relevant to my client's 16(b) claims.

As to the comment about depositions, I certainly did not mean to make threats; but rather (as stated) was trying to make things easier. Sorry if the intention was misunderstood.

To be clear: a sworn statement will not be required as long as I otherwise am satisfied that I understand what potentially relevant documents are within Mr. Engel's possession. I think if the purchase and sale agreement (which is the only identified document that I am not clear about) is sufficiently identified to me, I think we will be done with this subpoena. Hopefully we are almost there.

Thanks again.
mt


> On Apr 20, 2018, at 2:39 PM, Lewis Sessions <lsessions@sessionslaw.net> wrote:
>
> Miriam,
>
> It seems to me that this exchange is a predictable result of the global nature and impreciseness of the phrase "related to" contained in your document request.  The document request did not describe with reasonable particularity an item or category of documents involving the underlying Camber "purchase and sale agreement."  Further, the asset purchase agreement (the "purchase and sale agreement") which led to the initial issuance of the preferred and common stock in Camber -- as opposed to the transactions between the Azar Defendants and Kenneth Lacey which are the subject of the subpoena requests -- is not the subject of the lawsuit.  Nor, in the view of this lawyer, is that transaction a matter for which your client arguably has standing to contest. In short, this exchange is a rabbit trail that Mr. Engel inadvertently went down because of the vague nature of the subpoena requests.
>
> If you want to seek "purchase and sale agreement" documents, you will need to seek those in another formal discovery request. I predict that request will be contested successfully because of its tangential (at best) nature to this lawsuit.
>
> As for a more "formal response", I will indicate to Mr. Engel that you have equivocated on its need and because of that will  suggest that he make sure a formal response is timely made. As for use of sworn statements for "future purposes" – and the effort to leverage with the threat of a deposition -- I

suggest that discussion be reserved for another decade and different lawsuit. It is not suitable for this situation and I am disappointed that you would attempt such behavior.

Let's get back on the course of working through these matters in a sensible matter.

Sincerely,

**Lewis Sessions**
Attorney at Law
*Board Certified - Civil Trial Law*
*Texas Board of Legal Specialization*

### Sessions & Associates, pllc
14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Direct Tel: (214) 445-4058
Alt. Direct Tel: (214) 217-8855
General Tel: (214) 445-4055
Direct Fax: (214) 723-5346
Email: lsessions@sessionslaw.net

---

**From:** Miriam Tauber <miriamtauberlaw@gmail.com>
**Sent:** Friday, April 20, 2018 12:11 PM
**To:** Lewis Sessions <lsessions@sessionslaw.net>
**Cc:** David Lopez <DavidLopezEsq@aol.com>; Todd Engel <tengel@sparkmanengel.com>; Tim Henderson <TimJHenderson@msn.com>
**Subject:** Re: Discovery Conference with Rubenstein lawyers

Lewis:

To clarify, the "purchase & sale agreement" I am referring to is based on my understanding of the sentence below from Mr. Engel's email:

> The extent of documents I have seen, relate to searches of the public filings contained on the SEC website https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001309082&owner=exclude&count=40&hidefilings=0, and only for the purpose of **comparing filings to the purchase and sale agreement** and only in relation to preparing the applicable Federal Tax Returns for the year ended December 31, 2016.

I read this sentence to mean that Mr. Engel was "comparing" SEC filings to the "purchase and sale agreement," i.e., as a separate document which was within Mr. Engel's possession. If I do not understand that correctly, and if Mr. Engel is instead

Engel's possession. If I do not understand that correctly, and if Mr. Engel is instead referring to a "purchase and sale agreement" that is otherwise *available online, e.g., on EDGAR,* (which I understand your email to suggest), then of course there is no need to produce another copy. But I ask that Mr. Engel please identify the SEC filing where the copy of that "purchase and sale agreement' document is filed or attached as an exhibit so that I can retrieve it, to be sure I understand the reference to that document in his response.

As for responding under oath, I have come to expect a formal response to a subpoena in one form or another--but as I have the email response indicating there are no further responsive documents within Mr. Engel's possession, that will suffice for the present. (Although for future purposes I would suggest that a sworn statement may avoid the need for a deposition, which may be preferable to all parties…a discussion that we can reserve for the time being and return to only if necessary).

Thanks again to both for your continued help & cooperation.

Kind regards.
MT

> On Apr 19, 2018, at 3:35 PM, Lewis Sessions <lsessions@sessionslaw.net> wrote:
>
> Miriam,
>
> Thank you for your note.
>
> I have read Mr. Engel's e-mail carefully and believe it is clear that he read documents from the Edgar filing which he has referenced. I do not read his e-mail as stating that he *has* documents from the Edgar filing, only that he *read* the Edgar filing. Specifically, Mr. Engel states: **"… I have never received any documents related to any transactions among these parties**, *and thus could never (nor would I ever) have been in a position to review them.*" Keep in mind that when Mr. Engel speaks of "reviewing" documents, he may be using that word in the context of his professional obligations when "reviewing" transactional documents.
>
> While I appreciate your inquisitiveness, Mr. Engel has signaled that he doesn't have the documents you sought. He has stated that he does not have the Edgar filings which he read. The documents are are available on-line. If you want them, it will be faster and less burdensome for you to retrieve them from that

site.

As for obtaining a sworn statement from Mr. Engel, I do not see that are within the scope of my offer to expedite resolution of issues regarding the subpoena. It would require that I perform legal work for him.  I am not his lawyer and do not intend to take him on as a client.

Mr. Engle has stated in a prompt and forthright matter that he does not have documents responsive to the items requested in the amended subpoena. Notably, he even has volunteered a clarification of why he does not have the documents. I am not sure whether Mr. Engel needs to tender more of a response. Certainly, I do not read the rules as requiring a *sworn* response, and believe that seeking one from him is both unreasonable and unnecessary.

Sincerely,

**Lewis Sessions**
Attorney at Law
*Board Certified - Civil Trial Law*
*Texas Board of Legal Specialization*

**Sessions & Associates, pllc**
14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Direct Tel: (214) 445-4058
Alt. Direct Tel: (214) 217-8855
General Tel: (214) 445-4055
Direct Fax: (214) 723-5346
Email: lsessions@sessionslaw.net

---

**From:** Miriam Tauber <miriamtauberlaw@gmail.com>
**Sent:** Thursday, April 19, 2018 12:50 PM
**To:** Lewis Sessions <lsessions@sessionslaw.net>
**Cc:** David Lopez <DavidLopezEsq@aol.com>; Todd Engel <tengel@sparkmanengel.com>; Tim J Henderson <TimJHenderson@msn.com>
**Subject:** Re: Discovery Conference with Rubenstein lawyers

Dear Lewis:

Thank you for passing along. I am not certain as to what "purchase and sale agreement" is referenced towards the end of Mr Engel's email. If Mr Engel would provide a copy (or documents reflecting the terms of the agreement), that will suffice, along with a certification by Mr Engel, under oath, to the effect that no further documents are in his

possession in response to the subpoena (ie a sworn statement in substance stating what the email below states).

Please advise if the above proposed course is acceptable.

Thanks again for your help coordinating these responses.

Kind regards.
Miriam.

On Apr 19, 2018, at 11:55 AM, Lewis Sessions <lsessions@sessionslaw.net> wrote:

Miriam and David,

I have received an e-mail from Todd Engel, which I forward for your review. If you believe further response is required, please advise.

Sincerely,

**Lewis Sessions**
Attorney at Law
*Board Certified - Civil Trial Law*
*Texas Board of Legal Specialization*

### Sessions & Associates, pllc

**14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Direct Tel: (214) 445-4058
Alt. Direct Tel: (214) 217-8855
General Tel: (214) 445-4055
Direct Fax: (214) 723-5346
Email: lsessions@sessionslaw.net**

---

**From:** Todd Engel <tengel@sparkmanengel.com>
**Sent:** Thursday, April 19, 2018 10:49 AM
**To:** Lewis Sessions <lsessions@sessionslaw.net>
**Cc:** Holly Sparkman <hsparkman@sparkmanengel.com>
**Subject:** RE: Discovery Conference with Rubenstein lawyers

Lew,

I responded to Miriam earlier and copied you.

Speaking specifically, in reviewing the Subpoena, I have the same emails included in what Ms. Tauber included with the emailed Subpoena. I do not have any documents related to any agreement between Mr. Azar and the Tom she refers to in the email. Nor do I have

any agreements with Mr. Lacey as it relates to any monies owed to or due from him, nor do I know him or even where he lives. Thus I have never reviewed any Note Documents related to any of the information Ms. Tauber is requesting because I have never been provided any such documentation in any form.

Her comment "which were reviewed by you around August 2017", is erroneous and inaccurate. Again, I have never received any documents related to any transactions among these parties, and thus could never (nor would I ever) have been in a position to review them.
The extent of documents I have seen, relate to searches of the public filings contained on the SEC website https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001309082&owner=exclude&count=40&hidefilings=0, and only for the purpose of comparing filings to the purchase and sale agreement and only in relation to preparing the applicable Federal Tax Returns for the year ended December 31, 2016.

Please let me know if you need further information and please advise on what additional action is needed from me to properly comply with the aforementioned Subpoena.

Thank you.

Todd

Todd A. Engel, Partner

Rorie Sparkman & Engel LLC  |  Sparkman Engel LLC
1250 S. Capital of Texas Highway, Bldg 1, Suite 300, Austin, TX 78746
Main: 512-327-9811  |  Direct: 512-347-7049  |  Fax: 512-327-3411
tengel@sparkmanengel.com | www.sparkmanengel.com | www.rsetax.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON RUBENSTEIN, </br></br> Plaintiff, </br></br> v. </br></br> RICHARD N. AZAR, II, RAD2 MANAGEMENT, LLC, RAD2 MINERALS, LTD., and SEGUNDO RESOURCES, LLC, </br></br> Defendants, </br></br> v. </br></br> CAMBER ENERGY, INC. (f/k/a LUCAS ENERGY, INC.) </br></br> Nominal Defendant. | Civil Action No. 5-17-CV-962-FB </br></br> Jury Trial Demanded |

## JOHN BEN AZAR'S RESPONSE TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS

John Ben Azar makes the following response to Plaintiff's Subpoena to Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action:

After conducting a diligent search, I have not located any documents or electronically stored information within my possession, custody or control that are responsive to Plaintiff's request for: All documents, including executed including executed agreements & correspondence, concerning: (i) The transfer of 760,997 shares of LEI common stock from Ilios Oil, Inc. to Segundo Resources/Richard Azar II, on or about 11/2/2016; (ii) Transfer of 760,997 shares of LEI common stock from Segundo/Azar to Bleu Willow, Inc. on or about 12/29/2016.

Date: 05/07/18

*[signature]*

John Ben Azar

Respectfully submitted,

*[signature]*

William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway-Suite 400
Dallas, Texas 75254
General Telephone: (214) 445-4055
Direct Telephone: (214) 217-8855
Facsimile: (214) 723-5346
Email: lsessions@sessionslaw.net

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

miriamtauberlaw@gmail.com
Miriam Tauber
Miriam Tauber Law, PLLC
885 Park Avenue-Suite 2A
New York, New York 10075

davidlopezesq@aol.com
David Lopez
Law Offices of David Lopez
P.O. Box 323
171 Edge of Woods Road
Southampton, New York 11968

timjhenderson@msn.com
Timothy J. Henderson
6400 West Loop South-Suite 280
Bellaire, Texas 77401-2905

_05/08/18_  
Date

William L. Sessions

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5-17-CV-962-FB |
| ) | |
| RICHARD N. AZAR, II, RAD2 ) | |
| MANAGEMENT, LLC, RAD2 MINERALS, ) | Jury Trial Demanded |
| LTD., and SEGUNDO RESOURCES, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| CAMBER ENERGY, INC. ) | |
| (f/k/a LUCAS ENERGY, INC.) ) | |
| ) | |
| Nominal Defendant. ) | |

## ALAN DREEBEN'S RESPONSE TO
## PLAINTIFF'S SUBPOENA FOR DOCUMENTS

Alan Dreeben makes the following response to Plaintiff's Subpoena to Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action:

After conducting a diligent search, I have not located any documents or electronically stored information within my possession, custody or control that are responsive to Plaintiff's request for: (1) All documents, including executed agreements & correspondence, relating to: the Note and related LEI Series B transaction involving Defendant Richard Azar and Kenneth Lacey around November 2016. (2) Any known contact information for Kenneth L. Lacey.

Date: 5/8/18

_____
Alan Dreeben

Respectfully submitted,

*/s/ William L. Sessions*

William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway-Suite 400
Dallas, Texas 75254
General Telephone: (214) 445-4055
Direct Telephone: (214) 217-8855
Facsimile: (214) 723-5346
Email: lsessions@sessionslaw.net

**COUNSEL FOR DEFENDANTS
RICHARD N. AZAR, II, RAD2 MANAGEMENT,
LLC, RAD2 MINERALS, LTD., AND
SECUNDO RESOURCES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

>miriamtauberlaw@gmail.com
>Miriam Tauber
>Miriam Tauber Law, PLLC
>885 Park Avenue-Suite 2A
>New York, New York 10075
>
>davidlopezesq@aol.com
>David Lopez
>Law Offices of David Lopez
>P.O. Box 323
>171 Edge of Woods Road
>Southampton, New York 11968
>
>timjhenderson@msn.com
>Timothy J. Henderson
>6400 West Loop South-Suite 280
>Bellaire, Texas 77401-2905

_05/08/18_
Date

_William L. Sessions_
William L. Sessions