UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5-17-CV-962-FB |
| ) | |
| RICHARD N. AZAR, II, RAD2 ) | |
| MANAGEMENT, LLC, RAD2 MINERALS, ) | Jury Trial Demanded |
| LTD., and SEGUNDO RESOURCES, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| CAMBER ENERGY, INC. ) | |
| (f/k/a LUCAS ENERGY, INC.) ) | |
| ) | |
| Nominal Defendant. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY & DISPOSITIVE MOTION DEADLINES, AND COMPEL DISCOVERY FROM DEFENDANTS' DESIGNATED ACCOUNTANT**

TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE:

Defendants Richard N. Azar, II ("Azar"), RAD2 Management, LLC ("RAD2 Management"), RAD2 Minerals, Ltd. ("RAD2 Minerals"), and Segundo Resources, LLC ("Segundo") (collectively, "Defendants") file this Response to Plaintiff's Motion to Extend Discovery & Dispositive Motion Deadlines and Compel Discovery from Defendants' Designated Accountant.

Plaintiff seeks an extension of the agreed discovery deadline, and the extraordinary remedy of a court order compelling discovery and depositions not timely sought, including confidential financial documents not previously requested within the scheduled discovery period. Contemporaneously, Plaintiff has filed an ancillary proceeding in the Eastern

District of New York, requesting that Court to extend this Court's discovery schedule and compel the appearance of one third-party witness at a deposition unilaterally scheduled by Plaintiff's counsel within the discovery period for a date that is 12 days after the close of discovery. In their motion to both courts, Plaintiff's counsel ascribe their need for the discovery extension and court-ordered depositions to alleged machinations of Defendants' counsel to evade, frustrate, and delay discovery. In their haste to shift blame to Defendants and their counsel, Plaintiff's counsel have miscast and omitted facts which demonstrate their own disregard for the rules and orders of this Court, lack of thoroughness and diligence are the true cause for Plaintiff's motion. Plaintiff has failed to exercise diligence in attempting to comply with the requirements of this Court's Scheduling Order, the deadline dates for which Plaintiff agreed, and has failed to meet the requirement to show good cause for modifying this Court's Scheduling Order.

## LEGAL STANDARD

Echoing the provisions of Local Rule CV-16(d), this Court's February 12, 2018 Scheduling Order (Dkt. No. 17) provided in applicable part:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery…. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. Depositions must be completed before the discovery deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the party seeking relief to demonstrate that it exercised diligence in attempting to meet the deadlines set by the court

and, despite its diligence, the deadlines could not have reasonably been met. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Jaipuria v. Linkedin Corporation*, 2013 WL 3739767, at *1 (E.D.Tex. June 6, 2013); *McCranie v. Home Depot U.S.A., Inc.*, 2016 WL 7551419, at *1 (E.D. Tex., August 23, 2016); *Am. Tourmaline Fields v. Int'l Paper Co.,* No. 3:96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998). Diligence is the hallmark of "good cause." *Ebel v. Eli Lilly & Co.*, 248 F.R.D. 208 (S.D. Tex. 2007)

## ANALYSIS

### A. Plaintiff has failed to show good cause for reopening discovery and extending the agreed scheduling dates.

Plaintiff must demonstrate that he exercised diligence in attempting to meet the deadlines set by the court and, despite his diligence, the deadlines could not have reasonably been met. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, NA*, *supra.* Plaintiff asserts that he should be afforded time to conduct additional discovery for three reasons: 1) Plaintiff was unable to timely discover alleged discrepancies in Defendants' pleadings and their discovery responses ("Plaintiff's first opportunity to discover the basis for Defendants' Amended response arose at the deposition of Defendant Azar on June 5, 2018."); 2) Plaintiff could not timely depose third party Tom Lisa, who handled the Lacey note transactions; and 3) Plaintiff needs testimony from Tom Lisa, and documents and testimony from Azar's accountant.[1]

---

[1] In an apparent effort to circumvent the page limitations of Local Rule CV-7 and cleverly attempt to force Defendants to respond to additional matters not raised in his motion to this court, Plaintiff has referenced but not incorporated an ancillary proceeding filed in the Eastern District of New York, in which Plaintiff seeks to compel the deposition of Tom Lisa and extend discovery in this case. Plaintiff did not file a copy of his ancillary motion to the New York district court or accompanying documents in this action. Defendant objects to Plaintiff's reference to any content of the motion filed with the New York district court and requests leave to file a supplemental response in the event this court is inclined to consider the contents of the New York motion filed by Plaintiff.

**1.   Plaintiff failed to exercise diligence with timely obtaining discovery.**

Plaintiff and his lawyers are highly experienced in litigation of Rule 16(b) litigation. They have a lengthy history of filing numerous lawsuits in federal courts across United States, seeking recovery from various defendants pursuant to provisions of Section 16(b) of the 1934 Securities Exchange Act. Between them Plaintiff's attorneys have nearly 75 years of litigation experience with complex litigation. Ms. Tauber graduated Phi Beta Kappa from a top tier university, and worked for Skadden, Arps for 8 ½ years. Mr. Lopez graduated from Colombia Law School. [2] It is in this context that Plaintiff's suggestion that Defendants and their counsel are the cause of Plaintiff's failure to timely and diligently seek and obtain relevant discovery in this case.

From the start, Plaintiff's counsel has been casual about deadlines and perfunctory about discovery in this case. On December 1, 2017 the Court entered an order requiring the parties to confer regarding matters covered by Rule 26(f), F.R.Civ.P. and submit a proposed scheduling order to the Court within sixty days. (Dkt. #8) After weeks of no communication from Plaintiff's counsel, on December 19, 2017, Defendant's counsel requested a proposed scheduling order and that the parties confer. Plaintiff's counsel responded that she anticipated waiting until after the beginning of the new year and would circulate a draft of the required documents within a few days. Defendants Exhibits A and B. Weeks later, Plaintiff's counsel delivered a proposed scheduling order proposing a May 15, 2018 discovery deadline. Defendants Exhibit C, p. 2. Defendants' counsel responded, proposing a June 15, 2018 discovery cut-off. Defendants Exhibit D, p. 2. Plaintiff's counsel agreed to the deadlines and filed an agreed Scheduling Recommendation. (Dkt.

---

[2]   Source:  New York State Unified Court System Attorney Directory: LinkedIn; *Leagle* on-line case reporting service

#16.)  On January 25, 2018 the parties exchanged Rule 26(a) Initial Disclosures. Plaintiff produced no documents with its disclosures and generically referred Defendants to public records; Defendants produced 109 pages of documents. Defendants Exhibits E and F. The Court then entered a scheduling order that reflected the parties' agreed deadlines. (Dkt. #17.)

In early February 2018, Defendant's counsel asked for a Rule 26(f) discovery conference, which had not taken place, and copies of Plaintiff's disclosures documents. Plaintiff's counsel responded dismissively but agreed to confer. Defendants Exhibits G, H and I.  A Rule 26(f) discovery conference was conducted on February 9, 2018, and Joint Report of Rule 26(f) Conference, prepared by Plaintiff's counsel, was filed on March 3, 2018. (Dkt. #20.)  In that report, Plaintiff reported the need for discovering a full and final set of transactional documents, contact information for Kenneth Lacey, and depositions of Mr. Azar and Mr. Lacey.

On March 16, 2018, Defendants timely responded to two document requests in Plaintiff's First Set of Document Requests and one interrogatory in Plaintiff's First Set of Interrogatories. Defendants Exhibits J and K.  Plaintiff's document production requests and interrogatory did not seek information about the disposition of the stock in question, whether an actual sale of the stock in question took place, or whether any of the Lacey note was paid in whole or in part by the stock or proceeds of its alleged sale.  Plaintiff did not submit any further interrogatories or requests for production of documents to Defendants until the eve of discovery closing, when Plaintiff's counsel wrote to Defendants' counsel, seeking an extension of discovery. *See* Defendants Exhibit L.

    **2.**    **Defendants' pleadings, Rule 26 disclosures, and discovery response put Plaintiff on fair notice of Defendants' defensive claims and their basis.**

Plaintiff contends that Defendants' April 2, 2018 Amended Answer (Dkt. #24) contradicted the documents produced with Defendants' Rule 26(a) Initial Disclosures. Notably, Plaintiff makes no credible or supportable assertion that his counsel was mislead, confused, or otherwise prejudiced by Defendant's pleadings or discovery production and responses. To the contrary, Plaintiff's motion highlights perceived factual inconsistencies, while delineating paragraphs from Defendants' Amended Answer that Defendants denied that delivery of the stock was for elimination of an $8,000,000 debt owed to Lacey by Azar and the denial that any of the stock was sold to the lender as satisfaction for the extinguishment of debt. Plaintiff points out that Defendants' Amended Answer deleted a statement that the restricted shares were substituted for commons stock.

As of April 2, 2018, Plaintiff had received Defendants' Amended Answer, Defendants' 109 pages of documents and Defendants' initial disclosures, and Defendants' responses to Plaintiff's request for production of documents and sole interrogatory. Included in the documents produced to Plaintiff with Defendants' Initial Rule 26(a) Disclosures were copies of a February 8, 2017 letter from Porter & Hedges explaining the stock transactions (Defendants Exhibit M) and the December 31, 2017 Promissory Note to Kenneth Lacey (Defendants Exhibit N), which contained the following provision:

> Security for Note.  As security for this note, Borrower at its sole option, may execute a security agreement (the "Security Agreement") that grants Lender a security interest in 353,000 shares of Camber's Series B Preferred stock.  Borrower as of the execution of this note, does not own any of Camber's Series B Preferred Stock. The form of the Security Agreement is attached hereto as Exhibit A.

From April 2nd until June 15th, Plaintiff had more than 10 weeks to conduct written and oral discovery to probe Defendants' factual and legal position regarding the

transactions between Defendants, Lacey and Lisa with interrogatories, document requests, and depositions. Plaintiff and his counsel elected to rest on what they had received, to wait until Richard Azar was deposed to obtain further discovery from Defendants, and to conduct document discovery upon third parties.

### 3. Plaintiff's discovery requests to third parties was poorly constructed, procedurally defective, and ineffectual.

At the end of March 2018, Plaintiff's counsel issued subpoenas seeking documents to Ben Azar, Alan Dreeben, Todd Engel, and Tom Lisa. Defendants Exhibits O, P, and Q. The subpoenas sought production by e-mail to Miriam Tauber's e-mail account by April 30, 2018. Each of the subpoenas did not comply with Rules 45(c)(2)(A) and 34(b)(1(B),(C) F.R.Civ.P, regarding the place and method of production. Further, the document requests within the subpoena were vague, overly broad, and did not comply with the requirements of Rule 34(b)(1)(A) because they failed to describe with reasonable particularity each item or category of items to be inspected. *See* Defendants Exhibit S.

Rather than consume time and resources battling over motions to quash and compel, the parties counsel conferred and agreed that Defendant's counsel would attempt act as an intermediary between the third-party deponents and Plaintiff's counsel to resolve issues regarding the document production. Defendants' counsel made it clear to Plaintiff's counsel that he was not acting as counsel for Lisa or the others. *See* Defendants Exhibit T. The result was that Plaintiff's counsel received declarations from Ben Azar, Alan Dreeben, and Todd Engel that they possessed no documents responsive to the subpoenaed items that were not already produced by Defendant. *See* Plaintiff's Exhibit A. Plaintiff's counsel said nothing further to Defendants' counsel regarding discovery from any these three third-

parties until two days after Richard Azar's deposition and more than a week before filing of the motion to extend discovery on the last day of discovery. *See* Defendants Exhibit L.

Document production from Tom Lisa was not resolved in April, and in early May, Plaintiff's counsel announced her intention to depose Mr. Lisa, requesting that Defendants' counsel consult with Mr. Lisa on dates. On May 7th, Defendants' counsel informed Plaintiff's counsel of his availability for Richard Azar's deposition, and closed with "As for Tom Lisa, I have no control over him and would prefer a date that does not require traveling on a Monday or Friday in June." Defendants Exhibit U. Plaintiff's counsel persisted, requesting that Defendants' counsel determine if June 12th worked for Mr. Lisa. Defendants' Exhibit V. On May 25, 2018, Plaintiff's counsel sent out a deposition notice to Tom Lisa by e-mail, scheduling Lisa's deposition for June 27, 2018 in New York. Defendants Exhibit W. Plaintiff's counsel did not consult with Defendants' counsel regarding the date nor did she request that the discovery deadline be extended to take Lisa's deposition. Notably, the deposition notice contained a request for documents that did not include any request for documents evidencing sale of Camber stock that Lisa had received, documents evidencing any satisfaction of Defendants' debt to Lacey by sale of Camber stock, or any documents evidencing the status of Defendants' debt to Lacey.

It is unclear whether by setting Lisa's deposition for more than a month away and twelve days after closed, Plaintiff's counsel failed to read or calendar the discovery cutoff date in the Scheduling Order, or simply failed to comprehend the rules governing discovery. Whatever the reason, Plaintiff's counsel was not diligent and has offered no reason for attempting to set a deposition for a date that the Scheduling Order and Local Rule 16(d) clearly stated could not be taken and could not be enforced. The actions of

Plaintiff's counsel are not compatible with diligence and should not serve as a basis for relief. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). *See also, Frizzel v. Pegasus Schools, Inc.,* 2012 WL 2839906 at *1 (W.D. Tex. July 10, 2012)(Plaintiff's attempt to schedule depositions before close of discover for dates after discovery deadline disallowed. "This type of argument is precisely what the local rules and standard scheduling orders prohibit from bringing after discovery closes.")

The suggestion that Plaintiff needs clarification whether Todd Engel is Defendants' CPA and has properly responded to Plaintiff's request for documents is unsupported by the by Plaintiff's general references to Richard Azar's depositions. The notion that CPA Dan Rorie, who retired from practice before the transactions in question, would have knowledge or additional documents not available to Engle and his accounting firm, is pure speculation. *See,* Plaintiff's Exhibit B, Azar Dep. Tr., 103:23 -- 104.16.

### 4.  If discovery were reopened, Defendant would be prejudiced.

Plaintiff has not shown diligence in pursuing discovery in this case. Plaintiff has suggested that because the current schedule is not scheduled for mediation until late October 2018, the discovery and dispositive motions deadlines can be moved back and that "this case will be fully developed and briefed by the parties more than two months before any substantive review of the underlying facts." Plaintiff's Motion, p. 5. This assertion is either naïve or cavalier about the demands of this court's docket and the pace of its decision-making. Further, Plaintiff suggests that Defendants bear the burden to prove prejudice to their case. Plaintiff cites no case law for this proposition.

Defendants assert that the prejudice to them is inherent in the fact that they would be required to expend more time and resources defending more vague requests for producing documents which Defendants do not have. Plaintiff has not articulated what he expects to find nor has he shown any reason to believe the yet-to-be-described documents exist or are possessed by Defendants or their CPA. Further, Defendants would have to defend at least two depositions if Plaintiff's announced intentions are permitted.[3] This prejudices Defendants. *See McCranie v. Home Depot U.S.A., Inc., infra AT \*3,* citing *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp.2d 488, 497 (S.D. Tex. 2009) ("Whenever additional depositions are conducted, both parties must expend additional resources and invest time in conducting them. Thus, prejudice generally results to the party opposing additional depositions.") Even, if the Court determines that conducting more depositions and document discovery is not of (sufficient) prejudice to Defendants, the absence of prejudice, alone, would not establish "good cause" to allow an amendment of the agreed deadlines contained in this Court's scheduling order. *Am. Tourmaline Fields,* 1998 WL 874825, at \*1. (d).

Finally, Plaintiff's suggestion that Defendants' refusal to extend discovery warranted filing of Plaintiff's motion and justifies the award of Plaintiff's attorneys' fees is wholly insupportable given the evidence of Plaintiff's failure to establish good cause.

WHEREFORE, Defendants pray that the Court deny all relief sought by Plaintiff. and grant to Defendants such other and further relief, both legal and equitable, to which they may be entitled.

---

[3]  Plaintiff has not explained why the deposition of Defendant's CPA was not timely requested after Richard Azar's deposition in San Antonio while Plaintiff's counsel were still in Texas or otherwise within the discovery cutoff deadline, which was more than a week after Richard Azar's deposition.

Respectfully submitted,

<u>William L. Sessions</u>
William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway-Suite 400
Dallas, Texas 75254
General Telephone: (214) 445-4055
Direct Telephone: (214) 217-8855
Facsimile: (214) 723-5346
Email: lsessions@sessionslaw.net

**COUNSEL FOR DEFENDANTS**
**RICHARD N. AZAR, II, RAD2 MANAGEMENT,**
**LLC, RAD2 MINERALS, LTD., AND**
**SECUNDO RESOURCES, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

  miriamtauberlaw@gmail.com
  Miriam Tauber
  Miriam Tauber Law, PLLC
  885 Park Avenue-Suite 2A
  New York, New York 10075

  davidlopezesq@aol.com
  David Lopez
  Law Offices of David Lopez
  P.O. Box 323
  171 Edge of Woods Road
  Southampton, New York 11968

  timjhenderson@msn.com
  Timothy J. Henderson
  6400 West Loop South-Suite 280
  Bellaire, Texas 77401-2905


June 22, 2018                William L. Sessions
Date                     William L. Sessions