IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON RUBENSTEIN, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § | CIVIL NO. SA-17-CV-00962-FB |
| RICHARD N. AZAR, II, RAD2 MANAGEMENT, LLC, RAD2 MINERALS, LTD., SEGUNDO RESOURCES, LLC, | § § § § § § | |
| *Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court in the above-styled and numbered cause of action are the Plaintiff's Motion to Extend Discovery & Dispositive Motion Deadline, and Compel Discovery from Defendants' Designated Accountant [#35] and Defendants' Motion to Strike Plaintiff's Untimely Supplementation of Plaintiff's Motion [#46]. This case was referred to the undersigned for all pretrial proceedings on February 12, 2018 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#19]. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court held a hearing on the motions on July 2, 2018 [#48], at which all parties were present as represented by counsel. At the hearing, the Court granted Plaintiff's motion in part, denied Defendants' motion, and made certain oral rulings, which are now memorialized by this written Order.

**I. Background**

Plaintiff Aaron Rubenstein brings this case to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) as a shareholder and on behalf

1

of Camber Energy, Inc. ("Camber").  Plaintiff alleges that Defendant Richard N. Azar, Chairman and Interim CEO of Camber, engaged in a Section 16(b) sale of Camber stock, through various entities he owns and controls (Defendants RAD2 Management, RAD2 Minerals, and Segundo Resources), in exchange for the elimination of a $8.8 million debt owed by Azar to third party Kenneth L. Lacey.  After Azar allegedly profited from this transaction, Plaintiff made a demand on Camber to prosecute the alleged Section 16(b) violation.  When Camber refused to do so, Plaintiff filed this lawsuit on behalf of the company.

By his motion, Plaintiff asks the Court to extend the discovery and dispositive motions deadlines in order to allow Plaintiff to obtain additional discovery from one of Azar's accountants, Dan Rorie, who Plaintiff claims may know facts relevant to the $8.8 million debt and stock transactions at issue in this case, as well as from Thomas Lisa, Lacey's agent, who Plaintiff alleges has documents supporting the continued existence of the debt.  Plaintiff claims that he did not discover the need for the testimony of Rorie until Azar's June 5 deposition, during which Azar testified that the debt was not extinguished by the stock transaction, and during which Azar testified that Rorie was another accountant who previously had worked at the firm that had provided accounting services related to the disputed transactions.  The current discovery deadline was June 15, 2018, the date Plaintiff filed his motion, and the current dispositive motions deadline was July 30, 2018.  Plaintiff asks for 45 additional days for each deadline.

Plaintiff contends he has diligently pursued the deposition of Lisa by issuing a subpoena for documents and deposition testimony and filing an ancillary proceeding to enforce the subpoena in the Eastern District of New York, where Lisa resides and where his deposition was noticed, when Lisa failed to comply.  The New York court denied the motion to compel without prejudice on the basis that this Court, not the New York court, should decide whether or not to

deviate from this Court's Scheduling Order and extend discovery in this case. (E.D.N.Y. Order [#42-1].)

Plaintiff subsequently filed the motion to extend deadlines [#35] and affidavit in support [#36], which are currently before the Court. Defendants filed a response to the motion [#39]. After the Court set Plaintiff's motion for a hearing, Plaintiff filed a "supplement to the motion" [#44] containing copies of the relevant filings from the Eastern District of New York. Defendants move to strike Plaintiff's supplement as untimely filed and procedurally improper. The Court will grant Plaintiff's motion for an extension in part but deny Defendants' motion to strike. Nothing in the Court's Local Rules or the Federal Rules of Procedure prevents this Court from considering the supplemental materials filed by Plaintiff in advance of the hearing.

## II.  Analysis

Rule 16 requires a showing of good cause to modify dates set forth in a Court's Scheduling Order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16's "good cause" standard focuses on the diligence of the party asking the Court to modify the Scheduling Order and requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotations and citations omitted). Courts examine four factors in evaluating whether a moving party has established the required good cause: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Id.*

Plaintiff's extension request is essentially two-fold.  First, Plaintiff seeks an extension of discovery in order to depose Mr. Rorie, Azar's previous accountant, in an attempt to locate accounting documents, including a security agreement labeled Exhibit A that was purportedly attached to a note related to the securities transaction at issue.  It is undisputed that a subpoena for these same accounting documents, including Exhibit A, was issued to Todd Engel, Azar's current accountant, and that Mr. Rorie worked at the same accounting firm as Mr. Engel.  Defendants confirmed on the record that all of the accounting documents in the possession of the accounting firm where Mr. Rorie previously worked have already been produced to Plaintiff and that no one has been able to locate a copy of the security agreement labeled Exhibit A.

In light of these representations at the hearing, the Court is not convinced of the importance of a discovery extension pertaining to Mr. Rorie.  A review of Azar's deposition transcript bolsters this conclusion, as the statements made by Azar as to Mr. Rorie's knowledge of the securities transaction were speculative at best.  When questioned at the deposition about Mr. Rorie's possible involvement in the securities transaction at issue, Azar responded that he did not even know whether Mr. Rorie was still at the firm at that time.  (Azar Dep. [#36-2] at 104:17–24.)  The Court will deny the motion as to the requested discovery pertaining to Mr. Rorie.

As to Mr. Lisa, the Court will grant the motion to allow Plaintiff to enforce the subpoena in the New York court because Plaintiff has demonstrated good cause for this extension.  Plaintiff has provided the Court with a reasonable explanation for the delay in obtaining this discovery.  The record reflects that a subpoena for documents was issued by this Court on March 26, 2018 to Mr. Lisa.  (Lisa Supoena [#42-3] at 15.)  It is undisputed that Mr. Lisa avoided service of the subpoena and that his behavior was the primary cause of the delay in obtaining the

requested discovery. Additionally, a review of the communications between Plaintiff's and Defendants' counsel regarding service on Mr. Lisa and securing his presence for a deposition reveals that—at minimum—there was a miscommunication about whether or not Defendants' counsel had some ability to control or assist in securing Mr. Lisa's compliance with the subpoena. (*See* Correspondence [#42-3] at 87–88 (statement by defense counsel on April 18, 2018 that he is "willing to act as an intermediary with Mr. Lisa and the other subpoenaed people for the purposes of expediting resolution of discovery issues," confirming receipt of the subpoena by Mr. Lisa, and offering to confirm that personal service of the subpoena was not necessary). The Court finds it reasonable that Plaintiff's counsel relied upon these representations by defense counsel that ultimately further contributed to the delay.

The Court will therefore extend discovery for the limited purpose of allowing Plaintiff to enforce the subpoena in the New York court. Defendants will not be prejudiced by this narrow extension, as Plaintiff has represented on the record that he will only seek to compel the deposition and discovery previously sought in the New York court and nothing more. The parties may request a Status Conference with this Court if any issues arise related to this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Discovery & Dispositive Motion Deadline, and Compel Discovery from Defendants' Designated Accountant [#35] is **GRANTED IN PART** as follows:

- The Court will reopen discovery for an additional **45 days from the date of the Court's hearing until August 16, 2018** limited to Mr. Lisa and the documents and deposition previously subpoenaed.

- The Court will extend the dispositive motions such that Defendants have **45 days from the date of Mr. Lisa's deposition** to file any summary judgment motion.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely Supplementation of Plaintiff's Motion [#46] is **DENIED**.

**IT IS FINALLY ORDERED** that all relief requested not specifically granted herein is **DENIED**.

SIGNED this 11th day of July, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE