UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5-17-CV-962-FB |
| ) | |
| RICHARD N. AZAR, II, RAD2 ) | |
| MANAGEMENT, LLC, RAD2 MINERALS, ) | Jury Trial Demanded |
| LTD., and SEGUNDO RESOURCES, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| CAMBER ENERGY, INC. ) | |
| (f/k/a LUCAS ENERGY, INC.) ) | |
| ) | |
| Nominal Defendant. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

President John Adams once opined: "Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passions, they cannot alter the state of facts and evidence." Recently this Court observed that as did Sergeant Joe Friday, the Court expects "just the facts, ma'am."

In opposing Defendants' Motion for Summary Judgment, Plaintiff has struggled mightily with the "real" facts and applicable law. Plaintiff has futilely attempted to create a metaphysical doubt as to the material facts by offering arguments based on undocumented "alternative" facts, ignoring undisputed material evidence, and denigrating the integrity and intelligence of the parties involved in the transactions. Plaintiff has failed to meet his burden in overcoming Defendants' Motion for Summary Judgment, presenting arguments and conclusions concerning crucial elements of his case without presenting admissible evidence to document his claims.

Specifically, Plaintiff has failed to come forward with evidence of material facts to support four elements essential to his claims under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b), for recovery of $2,259,035 in theoretical "short swing" profits allegedly received by Defendants. Plaintiff has presented no evidence that: 1) Defendants sold 294,000 shares of Camber Series B Preferred stock in exchange for elimination of an $8,800,000 debt; 2) Defendants had both purchases and sales of Camber's equity securities within periods of less than six months; 3) that such sales and purchases resulted in profit to Defendants; and, 4) Defendants retained that profit.

After conceding that RAD2 Minerals, Ltd. or RAD2 Management, LLC are entitled to dismissal with prejudice due to a total absence of evidence to support his claims, Plaintiff admits the central material facts stated by Defendants in their Motion, taking issue only with the last four factual paragraphs of the "Undisputed Material Facts" section. Even then, conspicuously absent from Plaintiffs' Opposition is any admissible factual evidence contesting these and other material facts crucial to establishing a claim under Section 16(b).

Further, after arguing that the Settlement Agreement between Camber and Segundo Resources, LLc ("Segundo") is a "waiver" prohibited by §29 of the Act, Plaintiff proceeds to qualify this position by acknowledging that "the company may "settle" a *particular Section 16(b) claim* against its insiders when liability is genuinely disputed and uncertain."

Plaintiff's arguments in favor of establishing his 16(b) claims and against enforcement of Camber's settlement with Segundo and Azar are shallow, unsubstantiated and fundamentally flawed. Plaintiff has presented no credible evidence in opposition to Defendants' Motion for Summary Judgment to establish a genuine issue of material fact that would undermine Defendants' Motion.

**ARGUMENT**

**I.    Defendant's Motion Was Timely Filed.**

The first serious factual error in Plaintiff's Opposition is the claim that Defendants "willfully and brazenly" filed their Motion for Summary Judgment 52 days past the Court's bar date for filing dispositive motions. Plaintiff is badly mistaken and apparently has forgotten that Magistrate Judge Chestney extended the dispositive motion deadline after granting the Plaintiff's belated request to reopen and extend discovery and dispositive motion deadlines by 45 days. *See* Dkt. # Nos. 35, 48, and 51. Magistrate Judge Chestney ordered that the dispositive motion deadline would be extended to 45 days from the date of Thomas Lisa's deposition. Dkt. # 51, p 2. As evidenced by Appendix B of Defendants' Motion, the deposition of Thomas Lisa was taken July 19, 2018. Doc 52-7, App 034. Forty-five days thereafter was Sunday, September 2nd. The following Monday was Labor Day. The first business day thereafter was Tuesday, September 4, 2018. Defendants filed their Motion for Summary Judgment on that date in compliance with the Court's orders and Rule 6(a)(1)(B), F.R.Civ.P.[1]

**II.   Plaintiff Has Failed to Offer Any Credible Proof for Three Elements Crucial to His Case.**

The party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "Conclusory

---

[1] Ironically, after berating Defendants for a misperceived lapse of compliance with the Court's orders and rules, Plaintiff omitted counsel's signature on the Opposition and belatedly filed an omitted exhibit a day after the deadline for filing its Response. See Docs.53, 54. Local Rules CV-10(b); CV-6; and CV-7(e)(2).

allegations are insufficient to defeat a motion for summary judgment without probative evidence to support the claim." *Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust*, 541 F. App'x 443, 447 (5th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

As Plaintiff has acknowledged, for liability to attach under Section 16(b), a plaintiff must establish: a) the defendant's status as an insider for purposes of the Act; b) the defendant engaged in one or more pairs of non-exempt purchase and sale transactions within a six-month period; c) the defendant profited from the transactions; and d) the defendant retained the profit. *Gwordzinsky v. Zell/Chilmark Fund, L.P*, 156 F.3d 305, 308 (2d Cir. 1998).

### 1. Plaintiff has failed to produce credible evidence of both a non-exempt purchase and sale within a six-month period.

Plaintiff has presented no evidence of both a non-exempt purchase and sale within a six-month period. The unrebutted testimony establishes that the parties intended the transfer of Camber Series B Preferred stock from Segundo Resources to Bleu Willow as security for the Lacey Note. Defendants' Motion, Dkt. # 52, pp. 4-5, FN 1. Defendant acknowledges there is evidence that this transaction was erroneously reported as a sale. *See* Dkt. # 52-5. There is no evidence to support Plaintiff's allegation that Defendants' debt to Lacey was forgiven. There is no evidence that any of the restricted stock delivered to Bleu Willow was converted or sold by either Bleu Willow or the Defendants. All of the evidence is to the contrary. Defendant's Motion, Doc 52, pp. 10-12. The uncontroverted evidence establishes that at Lacey's request, Bleu Willow requested the exchange of Camber Series B Preferred stock for Camber common stock. This substitution was conducted on a basis consistent with Camber's SEC-filings establishing a ratio of 7.14285714 shares of Camber common stock for each share of Camber Series B Preferred stock. As noted below, Bleu Willow actually received more collateral value by this substitution

than it switched.[2] *Ibid.*  Plaintiff has offered no evidence or case law to support his position that this substitution of collateral was a purchase by Defendants. The evidence clearly establishes it was not a sale, and certainly not at a profit to Defendants.

### 2. The "Term Sheet" Does Not Evidence Payment of the $8.8 Million Note.

Plaintiff has argued, albeit with no support from any credible evidence, that the "Term Sheet" between Tex Oak *Energy*, LLC and Bleu Willow (Doc 52-4) evidences payment of the $8.8 Million note between Tex Oak *Petro*, LLC.  This argument has no foundation in fact. Tom Lisa testified that the Term Sheet was poorly prepared by him and that Lacey rejected the Term Sheet. *See* Defendants' Motion, Dkt. # 52, p 5, FN 1, p. 10; Deposition of Thomas Lisa, Dkt. # 52-7, 75:10 –19; 76:14–17,19–23; 99:20 –100:13(App 053; 059). Notably, Plaintiff makes no attempt to explain why the agreement would be enforceable with Lacey's signature approving the Term Sheet missing. Moreover, Plaintiff offers no evidence to the rebut Defendants' evidence and merely argues that Lisa is not credible.

### 3. There is No Evidence Defendants Profited from the Transactions or Retained Any Profits.

Plaintiff must also prove that the Defendants profited from the alleged sale and purchase of non-exempt securities and retained those profits. *Id.* Plaintiff has proffered no evidence that Defendants profited from the sale and purchase of non-exempt securities and retained those profits, and has blithely shrugged off providing any proof of such with the remark that it is "an accounting issue for a well instructed jury to decide." Plaintiff's Opposition, Dkt. # 53, p. 10.

### III. Plaintiff's Claims Are Barred By the Segundo – Camber Settlement Agreement and Should Be Dismissed With Prejudice.

---

[2]   The substitute was of non-tradable 106,508 Series B Preferred Stock Shares, valued by the parties at $25/share and equaling $2,662,700 for 760,997 Common Shares valued at $3.50/share, equaling $2,663,489.50, an increase of $789.50 in valuation of the security for the Lacey loan to the benefit of Bleu Willow / Lacey.

### 1. Richard N. Azar, II and Segundo Resources, LLC Are Covered by the Settlement Agreement.

Segundo and Azar are entitled to dismissal with prejudice of this lawsuit as the result of the July 2018 "Settlement Agreement" between Camber and Segundo. Apparently relying on a typographical error found on page 15 of Defendants' Motion rather than the exhibits accompanying the Motion, Plaintiff claims that the Settlement Agreement "names SEGUNDO as one of the released parties but does not specifically name AZAR, only his son, Richard (sic) N. AZAR, III." Dkt. # 53, p. 10. Apparently, Plaintiff simply ignored or overlooked the exhibits to Defendants' Motion. *See,* Dkt. # 52-2, ¶¶1, 2, 17 (App 003, 005); Dkt. # 52-3 (App 015); and Dkt. # 52-6 (App 030). These documents present uncontroverted evidence that Richard N. Azar, II – not his son, Richard N. Azar, III – was and is the managing member and equity holder of Segundo Resources, LLC. Richard N. Azar, II signed the Settlement Agreement and other documents in evidence in his capacity as its Manager. It is in his capacity as a managing member and equity holder of Segundo that Richard N. Azar, II is entitled to avail Segundo and himself of the provisions of the Settlement Agreement. Dkt. # 52-7, pp. 3, 4, and 10 (App 024, 025, 032).

### 2. Matured Claims Under Section 16(b) Can Be Settled and Released.

Plaintiff has attempted to straddle the issue of whether matured claims such as Rubenstein's can be compromised, settled and released. On the one hand, Plaintiff claims the Settlement Agreement cannot function as a waiver or release of Rubenstein's claims because Section 16(b) claims cannot be "released" or "waived".

> Section 29(a) of the 1934 Securities Exchange Act, 15 U.S.C. § 78cc states:
>
> Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice

   in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision, rule, or regulation.

  The key portions of Section 29(a) make it clear that contracts which are made in violation of any portion of the Act, and every contract, the performance of which involves a violation, or the continuation of any relationship or practice in violation of any provision of the Act are void with respect to rights of a person who violated the Act by making or engaging in the performance of that contract.  Such provisions are not at issue in this case because the Settlement Agreement did not contain any provision which (a) if performed would violate the Act or (b) continues a relationship or practice that violated the Act by making or performing the contract.

  There is a distinction between documents that purport to prospectively waive or protect a party from violating the provisions of the Act and those which seek to compromise, settle and dismiss claims which are known and have accrued. Plaintiff has intentionally muddled these distinctions.

  Plaintiff cites a litany of cases for the proposition that violations of Rule 16(b) cannot be waived.  Each of these cases is distinguishable from the facts of this case and the Settlement Agreement which Defendants seek to enforce. In *First Golden Bancorporation v. Weiszmann*, 942 F.2d 726, 728-29 (10th Cir. 1991) the court dismissed Weizmann's claim for indemnity from his broker and brokerage firm, holding, as a matter of law, that public policy precludes an insider from indemnity for his liability under Section 16(b). The court in *Roth v. Solus Altern. Asset Mgmt. LP*, No. 14-cv-9571(WHP), N.Y.L.J. 1202735593118, at *14 S.D.N.Y. Aug. 20, 2015) considered a "Blocker Agreement" in Stock Purchase Agreements and Exchange Agreements with investors and found those provisions unenforceable because they would

(prospectively) "operate as waiver or release of an issuer's right to recover short-swing profits". *Volk v. Zlotoff*, 285 F. Supp. 650, 657 (S.D.N.Y. 1968) involved efforts by a company to rescind transactions which violated Rule 16(b). The *Volk* court held that corporation could not "protect its insiders from liability" through agreement that purported to "remove [the insider's] transactions from the ambit of Section 16(b)."The Court noted that the (defendants) profited from the rescission by being reinvested with the same stock options as involved in the 16(b) violations, which they could exercise in the future and they retained the profits from the (violating) sales. *Id* at 658. Each of these cases is readily distinguishable from the instant case.

Plaintiff has blithely dismissed *Donoghue v. Bohemian Investments*, 15-cv-01279-PAB-KLM, 2016 WL 9738103 (D. Colo. September 30, 2016), with the suggestion that a legal blog writer has expressed general distain for the holding. Plaintiff has cited no other "authority" for the proposition that the *Donoghue* decision was wrong in holding that Section 29(a) does not prohibit parties from executing valid releases in connection with securities fraud claims that have already matured. 206 WL 9738103 at *7. Notably, the same counsel who represented Donoghue represents Rubenstein in this case. Remarkably, those attorneys have not told this Court they conceded that, while "a company cannot generally 'waive' the Section 16(b) prohibition on short swing trading or 'release' its insiders from compliance with the rule, the company may 'settle' a particular Section 16(b) claim against its insiders when liability is genuinely disputes and uncertain." 206 WL 9738103 at *7. One must ponder why Plaintiff's counsel have been less forthcoming with the Court.

The *Donoghue* court cited *Dresner v. Utility.com, Inc.*, 371 F. Supp.2d 476, 490 (S.D.N.Y. 2005) and *Korn v. Franchard Corp.*, 388 F. Supp. 1326, 1328 (S.D.N.Y. 1975) as support for its decision. In *Dresner*, the court noted other courts in the Southern District of New

York have held that Section 29(a) prohibits release of *non-matured* claims does not prohibit parties from executing valid releases with securities fraud claims that have already matured. *Id.* at 490. The Court upheld a settlement agreement releasing *matured* claims.

The *Donoghue* court reached the same conclusion as the Court in *Korn*. That court held that Section 29(a) and its counterparts, prevent attempts to obtain anticipatory waivers of compliance with the 1934 Act, but that Section 29(a) should not be construed to apply to the release of matured claims. ("To rule otherwise would foreclose the parties from settling matured claims and force every claimant to pursue the litigation to its costly conclusion. This would not only constitute a blow to judicial economy, but to justice and common sense as well.") *Id.* at 1329.

Plaintiff suggested that seeking enforcement of the Settlement Agreement would "contravene the federal securities laws and controlling and consistent precedent by construing the SETTLEMENT AGREEMENT to vitiate Section 16(b) and preclude its enforcement." Dkt. # 53 at 13. Plaintiff quotes no case for this proposition, but cites *Segen v. Comvest Venture Partners, LP,* Fed. Sec. L. Rep. (CCH) ¶93,271 at 96,349, Civ. Action No. 04-822 JJF. (D. Del. Jun. 2, 2005) for the proposition that a company's "business judgment" to relinquish a claim for short swing profits – including through an invalid, purported "release" – is necessarily non-binding on its shareholders, who are expressly authorized by the statute to file any claim that the issuer. The *Segen* case, a 16(b) lawsuit by shareholders, involved a defensive claim that the Plaintiff had failed to plead particularized facts to show that a decision by the company's board of directors to refuse the Plaintiff's 16(b) demand was wrongful and not protected by the business judgment rule.  The facts of *Segen* are easily distinguished. *Segen* is inapplicable to this case.

Plaintiff's hyperbolic arguments ignore the cases cited by Plaintiff while advancing cases that are inapplicable. Plaintiff's position contradicts long-established law that a company may settle litigation when it is the business judgment of disinterested directors that the cause asserted by a putative shareholder derivative suit should be aborted, not enforced, or compromised and settled. *See Clark v. Lomas Nettleton Financial Corp.*, 625 F.2d 49, 52 (5th Cir. 1980) A corporate board's power is circumscribed by the requirement that the directors must have no interest in the results of its exercise. *Supra. See also, Coleman v. Taub,* 638 F. 2d 628, 632 (3d Cir. 1981), citing *United Copper Securities Co. v. Amalgamated Copper Co.,* 244 U.S. 261, 263-64, 37 S.Ct. 509, 510, 61 L.Ed. 1119 (1917) (Whether or not a corporation shall seek to enforce in the courts a cause of action for damages is, like other business questions, ordinarily a matter of internal management and is left to the discretion of the directors, in the absence of instruction by vote of the stockholders. Courts interfere seldom to control such discretion *intra vires* the corporation, except where the directors are guilty of misconduct equivalent to a breach of trust, or where they stand in a dual relation which prevents an unprejudiced exercise of judgment . . . .)

In the interest of addressing vague arguments by Plaintiff that the Segundo – Camber Settlement Agreement does not meet the requirements of *Clark*, Defendants tender the Unsworn Declaration of David M. Loev, corporate secretary of Camber Energy, Inc. Said Unsworn Declaration is set forth in an appendix and labeled as "Exhibit D". Attached to Mr. Loev's Declaration as Exhibits 1 and 2 are documents that attest to the fact that the Settlement Agreement meets the requirements of *Clark* and its progeny.

Defendants ask the Court to honor the Settlement Agreement, made by disinterested directors at arm's length with the Defendants, and dismiss this lawsuit with prejudice.

## CONCLUSION

Plaintiff has failed to present competent evidence of material facts to support four elements essential to his claims under Section 16(b) of the Securities Exchange Act of 1934 and to rebut the uncontroverted evidence presented in Defendants' Motion for Summary Judgment. Therefore, the Court should grant Defendants' Motion for Summary Judgment and enter the proposed order.

                                        Respectfully submitted,

/s/ William L. Sessions
William L. Sessions
Texas Bar No. 18041500
SESSIONS & ASSOCIATES, PLLC
14951 North Dallas Parkway-Suite 400
Dallas, Texas 75254
General Telephone: (214) 445-4055
Direct Telephone: (214) 217-8855
Facsimile: (214) 723-5346
E-mail: lsessions@sessionslaw.net

**COUNSEL FOR DEFENDANTS
RICHARD N. AZAR, II, RAD2 MANAGEMENT, LLC, RAD2 MINERALS, LTD., AND SECUNDO RESOURCES, LLC**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

> miriamtauberlaw@gmail.com
> Miriam Tauber
> Miriam Tauber Law, PLLC
> 885 Park Avenue-Suite 2A
> New York, New York 10075
>
> davidlopezesq@aol.com
> David Lopez
> Law Offices of David Lopez
> P.O. Box 323
> 171 Edge of Woods Road
> Southampton, New York 11968
>
> timjhenderson@msn.com
> Timothy J. Henderson
> 6400 West Loop South-Suite 280
> Bellaire, Texas 77401-2905

| | |
|---|---|
|    09/25/18    | /s/William L. Sessions |
| Date | William L. Sessions |