<div align="center">

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

</div>

**AARON RUBENSTEIN**,

    **Plaintiff,**

    **v.**

**RICHARD N. AZAR, II, RAD2**
**MANAGEMENT, LLC, RAD 2 MINERALS,**
**LTD. And SEGUNGO RESOURCES, LLC.**

    **Defendants,**

    **and**

**CAMBER ENERGY, INC.**
**(F/K/A LUCAS ENERGY, INC.)**

    **Nominal Defendant**.

**Civil Action # 5 :17-CV-962-FB**

**Jury Trial Demanded**

<div align="center">

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO FILE**
**SECOND AMENDED ANSWER**

</div>

Plaintiff's counsel offer their apologies to the Court and to Defendants' counsel for their erroneous assertion at the beginning of their brief in opposition to Defendants' Motion For Summary Judgment that the motion was untimely.  As surmised by Defendants' counsel, we had not given effect to the Court's Order, Document # 48, extending the time for the filing of a summary judgment motion to a date 45 days after the conclusion of the Lisa deposition.  We were wrong.

The current Defendants' Motion For Leave To File Second Amended Complaint, however, appears to us to come before the Court six months after the cut-off date for amendment

of pleadings and to advance no suggestion as to what rights to discovery or other case preparation the Plaintiff might be afforded under what, by any measure, is a newly fledged defense. Plaintiff was faced with much the same concerns in framing his Opposition to Defendants' Motion for Summary Judgment and elected, at that time, to address the substantive reasons why a putative defense of release or waiver of liability was a nullity as a matter of law. Reference is respectfully made to that brief, Document Nos. 53 and 54.

While the pleading of essentially a new chapter of the case this late in the day is in and of itself adequate grounds for denying Defendants' motion, Plaintiff prefers to litigate substance rather than engage in procedural quibbles. We all may as well make a record for appeal as economically as possible.

Plaintiff's discussion in his brief above-mentioned of the impact of Section 29 of the Securities Exchange Act, making waivers of benefit void, is respectfully incorporated herein by reference.

The particular attention of the Court is respectfully drawn to *Allied Artists Pictures Corporation v. Giroux*, 312 F. Supp. 450 (1970) (S.D.N.Y.), relying on, *inter alia, Jefferson Lake Sulphur Co. v. Walet,* 104 F. Supp. 20 (E.D. La 1952), *aff'd* 202 F.2d 433 (5th Cir.), *cert denied*, 346 U.S. 821 (1953). It is squarely on point and there the court struck from the pleadings defenses indistinguishable from those sought to be asserted by the Defendants here. Why allow an amended pleading that is terminally defective at inception?

## CONCLUSION

Defendants' Motion for Leave to File the Second Amended Complaint should be denied.


Dated: September 28, 2018

<div style="margin-left:40%">

Respectfully submitted,

_s/ Miriam Tauber_

Miriam Tauber (W.D. Tex. ID#4462537)
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, NY 10075
Telephone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

David Lopez, Esq. (_admitted pro hac vice_)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, NY 11969
Telephone:     (631) 287-5520
Email:  DavidLopezEsq@aol.com

_Attorneys for Plaintiff Aaron Rubenstein_

</div>

**CERTIFICATE OF SERVICE**

I, MIRIAM TAUBER, hereby certify that on September 28, 2018, I filed the

foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE

SECOND AMENDED ANSWER by filing it with the Court using the Electronic Case Filing

System, which caused service all counsel who have entered their appearances:


*s/ Miriam Tauber*

_____
Miriam Tauber
885 Park Avenue No. 2A
New York, NY 10075
Tel: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiff Aaron Rubenstein*